

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| MARQUIS SPENCER MCDONALD, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:24-06196-MGL |
| | § | |
| KENNETH SHARP, *Warden of Turbeville* | § | |
| *Correctional Institution*, | § | |
| Respondent. | § | |

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION,
### GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
### DISMISSING THE PETITION,
### AND DENYING ANY REQUEST FOR A CERTIFICATE OF APPEALABILITY

---

Petitioner Marquis Spencer McDonald (McDonald) filed this 28 U.S.C. 2254 petition (the petition) against Respondent Kenneth Sharp (Sharp), Warden of Turbeville Correctional Institution.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Sharp's motion for summary judgment be granted, the petition be dismissed with prejudice, and any request for a certificate of appealability be denied. The Report was made in accordance with 28 U.S.C. 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. 636(b)(1).

The Magistrate Judge filed the Report on January 23, 2026, McDonald filed his objections on February 6, 2026, and Sharp filed his reply on February 18, 2026.  The Court has carefully considered McDonald's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

McDonald presents five objections to the Report.  In the first, he contends the Magistrate Judge "erroneously concludes . . . the petition is time-barred and not subject to equitable tolling." Objections at 1 (emphasis omitted) (capitalization standardized).

As to the time-barred argument, McDonald fails to make any arguments his petition is actually timely under the Antiterrorism and Effective Death Penalty Act of 1996, which provides "[a] [one] year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court 28 U.S.C. 2244(d)(1).

As detailed in the Report, McDonald neglected to file the petition with this Court until well after the one-year statute of limitations had expired.  McDonald appears to agree.

Instead, McDonald relies on the doctrine of equitable tolling in his attempt to bring the petition within the one-year limitations period.

The Supreme Court, in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), stated, it had "allowed equitable tolling in situations where the [petitioner] has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have

generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id*. at 96 (citation omitted) (footnotes omitted).

Lacking here is any suggestion McDonald "fil[ed] a defective pleading during the statutory period[ ] [or . . . he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. Thus, the question here is whether he "exercise[d] due diligence in preserving his legal rights." *Id*.

Nevertheless, the primary basis for McDonald's argument for equitable tolling is his "appellate counsel failed to discharge the basic duty of informing . . . McDonald . . . his direct appeal had concluded." Objections at 2. But, he fails to present, and the Court has been unable to find, any case law to support his contention he is entitled to equitable tolling because of this.

In fact, all the case law the Court has found after doing its own independent research points in the opposite direction: McDonald is unable to receive the benefit of equitable tolling based on this alleged mistake by appeallate counsel. *See United States v. Arrowgarp*, No. 13–4154, 558 Fed.Appx. 824, 825 (10 Cir. March 18, 2014) ("Particularly egregious attorney misconduct may entitle a petitioner to equitable tolling, but an attorney's mere alleged failure to inform a client of the date on which his appeal was denied falls well short of that threshold." (citation omitted) (internal quotation marks omitted)); *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) ("[T]his court has declined to equitably toll the statute of limitations where a petitioner alleged . . . the state court and his attorney failed to inform him . . . a decision had been rendered affirming his conviction." (citation omitted)); *LaCava v. Kyler*, 398 F.3d 271, 276 (3rd Cir. 2005) ("A petitioner is unable to establish extraordinary circumstances "by implying . . . counsel was derelict in failing to timely notify him of the state court's disposition.").

On the question of McDonald's diligence, McDonald has failed to show he was diligent in pursuing his legal rights.  He neglects to make any argument or present any evidence he ever did anything to check on the status of his appeal.  Missing here is any argument or evidence he contacted his appellate counsel, the Court system, or an outside supporter to check on the status of his appeal.  Therefore, the Court concludes McDonald "failed to exercise due diligence in preserving his legal rights."  *Irwin*, 498 U.S. at 96 (citation omitted).

McDonald, however, points to his alleged diligence after the one-year deadline had lapsed, but fails to argue he was diligent before then.  The Court, however, is concerned only with his diligence before the one-year deadline had passed in deciding whether he is entitled to equitable tolling.  His diligence after the one-year deadline lacks any import.

Consequently, from the Court's de novo review of the "time-barred" and "equitable tolling" portion of the Report, it holds McDonald has established neither extraordinary circumstances, which kept him from timely filing his PCR petition, nor that he exercised any due diligence whatsoever in preserving his legal rights.

To the extent McDonald contends he is somehow entitled to equitable tolling because the PCR court allowed him to go forward with his untimely PCR petioner, such argument is foreclosed by binding precedent.  The Supreme Court has long held "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation marks and alterations omitted).

Section 2244(d)2) states "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," *Id.*  As such, because McDonald's PCR petition was improperly filed, inasmuch as it was untimely, he is unentitled to the tolling provision, allowed by § 2244(d)(2).

Consequently, for all these reasons, the Court will overrule McDonald's first objection.

Second, McDonald maintains the Magistrate Judge "erroneously rejects the *Schlup*/*Mcquiggin* actual-innocence gateway." Objections at 3 (emphasis omitted) (capitalization standardized). "In doing so," according to McDonald, "it fails to confront the powerful new scientific and ballistics evidence developed in PCR and misapplies the governing standard." *Id.*

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations. . . . [T]enable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court. . . , in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329).

McDonald "argues a claim of actual innocence for cause to excuse the late filing and relies on the possibility . . . a juror may have accepted an expert's opinion about bullet trajectory, ballistics, and a co-defendant's connection to another crime." Sharp's Reply at 3.

"[A] substantial claim . . . constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* And again, "a petitioner must show . . . it is more likely than not . . . no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

"[T]he Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong . . . a court cannot have confidence in the outcome of the

trial unless the court is also satisfied . . . the trial was free of [harmful] constitutional error.'" *Id*. at 401 (quoting *Schlup*, 513 U.S. at 316).

The Magistrate Judge's discussion of these issues is almost eight pages.  It is detailed and comprehensive.  The Court has made a de novo review of a de novo determination of those portions of the Report to which specific objections were made on this issue, 28 U.S.C. 636(b)(1), and wholly agrees with the Magistrate Judge's conclusion McDonald's claims are without merit.  Inasmuch as the Court will incorporate the Report into this Order, it is unnecessary for the Court to repeat the Magistrate Judge's discussion here.

Suffice it to say, the Court in unpersuaded, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).  Lacking here is any strong evidence of McDonald's innocence; and the Court is convinced McDonald's "trial was free of [harmful] constitutional error.'" *Id*. at 401 (quoting *Schlup*, 513 U.S. at 316).

Accordingly, the Court will overrule McDonald's second objection, too.

McDonald makes three other objections to the Report.  But, inasmuch as the petition is untimely, it is unnecessary for the Court to detail those merits-based objections here.

Even so, in an abundance of caution, the Court has made a de novo review of those portions of the Report to which specific objections were made.  28 U.S.C. 636(b)(1).  But, the Court agrees with the Magistrate Judge as to these claims.  Consequently, the Court will overrules those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules McDonald's objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein.  It is therefore the judgment of

the Court Sharp's motion for summary judgment is **GRANTED**, the petition is **DISMISSED WITH PREJUDICE**, and any request for a certificate of appealability is **DENIED**.

McDonald requests an evidentiary hearing regarding his equitable tolling and actual innocence claims. But, he has failed to show he is entitled to such a hearing. Thus, the request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE